Rescript Opinions.

STANLEY WALLANT vs. BOARD OF REGISTRARS OF VOTERS OF BROCKTON. October 7, 1971. Wallant seeks, by mandamus, to compel the registrars to certify certain signatures so that he may be nominated as a candidate for mayor in an election to be held in November, 1971. The registrars have certified 272 signatures. Wallant requires 279 certified signatures. We heard the case; as did the trial judge (who refused to issue the writ) on a statement of agreed facts amounting to a case stated. He ruled (on grounds more specific than those adopted by us) that none of the contested signatures was signed "substantially as registered" within the meaning of G. L. c. 53, § 7, as amended by St. 1971, c. 512. We recognize that this 1971 statute (entitled "An Act liberalizing the requirement that a voter signing a nomination paper sign as he is registered") was intended to relax the requirements for signature certification. It was enacted, however, in a form less helpful to Wallant's position than the bill originally filed. See 1971 Senate Bill No. 519. Of the contested signatures less than the required seven seem to us even arguably "substantially as [the signer was] registered." Each of these was somewhat inaccurate. We assume the most liberal interpretation of the revised § 7 consistent with the apparently continuing legislative intention to preserve the integrity of the nomination process. Even upon that assumption, certification of each other contested signature would require some separate investigation by the registrars to make certain that the signature was that of a registered voter. We think that the amended § 7 requires no such investigation. Because the doubtful signatures, in any event, would not suffice to entitle Wallant to a certificate of nomination (see *Sharpe* v. *Registrars of Voters of Northampton*, 342 Mass. 620, 622–624), we need not now consider the precise interpretation of the 1971 statute or discuss in detail the deficiencies of the other signatures mentioned in the case stated.

*Order for judgment affirmed.*

*P. J. Piscitelli* (*John J. Pescatello* with him) for the petitioner.
*Joseph I. Sousa* for the respondent.