GASTOWN, INC. *vs.* BOARD OF REGISTRARS OF VOTERS OF AGAWAM & another.[1] April 4, 1972. The defendants appeal from a final decree declaring that the zoning by-law of the defendant town was amended at the limited town meeting of March 31, 1970, and that a referendum vote disapproving the amendment on May 5, 1970, was invalid. On a statement of agreed facts incorporating election records as exhibits, the judge found that St. 1955, c. 632, § 8, required 484 signatures on the referendum petitions, that the defendant board certified 510, but that thirty were invalid, leaving 480 valid signatures. He also found the defence of laches not proved. We agree with the judge that twenty signatures, filed on a Monday, nine days after the dissolution of the meeting, did not comply with the statutory requirement of filing within "seven days, including Sundays and legal holidays." We reject the argument that we should give effect to St. 1971, c. 512, enacted after the referendum. See *Wallant* v. *Registrars of Voters of Brockton*, 360 Mass. 853. Four signatures were ruled out because addresses on voter registration cards differed from those on the petitions. Unlike the statute governing *Putnam* v. *Bessom*, 291 Mass. 217, 219–220, the Agawam statute does not explicitly require that the petition contain addresses "as they appear on the list of registered voters." In any event, the record before us includes no such list. See G. L. c. 51, § 37, as amended. Twenty-four voter registration cards are before us as exhibits; more than half appear to have been executed more than ten years before the petitions, and both the board and the judge appear to have disregarded a number of discrepancies in addresses other than the four in question. Compare G. L. c. 53, §§ 7, 22A; *Compton* v. *State Ballot Law Commn.* 311 Mass. 643, 651–652; *Carpenter* v. *Registrars of Voters of Marlborough*, 327 Mass. 183, 188; *Sharpe* v. *Registrars of Voters of Northhampton*, 342 Mass. 620, 623. We think the four signatures were not shown to be invalid. Three additional signatures appear upon examination to be examples of bad handwriting which the board could prop-

[1] Town of Agawam.

erly decipher and uphold. We agree with the judge that signing with the last name first does not invalidate a signature, and we hold that insertion of the correct middle initial after the last names does not void an otherwise proper signature. After examining carefully each contested signature, we conclude that there were 488 valid signatures, more than enough. It follows that the decree must be reversed. A new decree is to enter declaring that the referendum vote of May 5, 1970, was valid and that it reversed the action of the limited town meeting.

*So ordered.*

*John J. Teahan* for the defendants.
*Frederick S. Pillsbury* for the plaintiff.